FILED

2025 Sep-11 PM 01:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TANESHA GERMANY, as** | ) | |
| **guardian for J.M.G., a minor,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | **Civil Action No. 2:24-cv-1812-CLS** |
| **vs.** | ) | |
| | ) | |
| **F R A N K   B I S I G N A N O ,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Tanesha Germany commenced this action on behalf of her minor son, J.M.G. ("claimant"), pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of Social Security, affirming the decision of an Administrative Law Judge ("ALJ") who found that, even though J.M.G. had been entitled to disability benefits as a child, on continued review, he no longer met the definition of "disabled" and, therefore, his benefits ceased. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and the case remanded for further proceedings.

## I. STANDARDS OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is

substantial evidence in the record as a whole to support the findings of the Commissioner, and, whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 11th Cir. 1983). The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178 (11th Cir. 2011) (alteration supplied).

Claimant contends that the ALJ erred by failing to obtain a medical consultative examination. Upon review of the record, however, the court concludes that the case is due to be remanded to the Commissioner for a different reason: *i.e.*, the ALJ's failure to follow the remand order of the Appeals Council.

## II. REGULATORY FRAMEWORK

To be entitled to benefits, an individual under the age of eighteen years must demonstrate that he or she has a medically determinable physical or mental impairment which results in marked and severe functional limitations. The impairment must have lasted, or be expected to last, for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(C)(I). The Commissioner is required to review a disabled child's continued eligibility for benefits every three years. 42 U.S.C. § 1382c(a)(3)(H)ii)(I). The Commissioner has established a three-step medical improvement sequential evaluation process for determining whether a child continues

to be disabled within the meaning of the Act. 20 C.F.R. § 416.994a(b).

First, the Commissioner must determine whether the claimant has experienced medical improvement since the last "comparative point decision": *i.e.*, the most recent determination finding him to be disabled. 20 C.F.R. § 416.994a(b)(1). "Medical improvement" is considered to be any decrease in the medical severity of the claimant's impairment that was present at the time of the most recent favorable determination, as demonstrated by signs, symptoms, and laboratory findings associated with the impairment. 20 C.F.R. § 416.994a(c). If there is medical improvement, the inquiry proceeds to the second step of evaluation.

The Commissioner next considers whether the impairment still meets or equals the severity of the impairment that was identified on the date of the most recent favorable determination. 20 C.F.R. § 416.994a(b)(2). If it does not, the Commissioner proceeds to the third step, and must determine whether the claimant is *presently* disabled, considering *all* impairments, including those that the claimant did not have at the time of the initial favorable determination. 20 C.F.R. § 416.994a(b)(3). This step requires evaluation of whether the new impairments, or those not previously considered, are "severe"; and, if so, whether they meet or medically equal the severity of a listed impairment. 20 C.F.R. § 416.994a(b)(3)(i). If so, the child's disability continues, but if not, the question is whether the

impairment or combination of impairments "functionally equals" the listings.  20

C.F.R. § 416.994a(b)(3)(ii).

The determination of whether a child's impairment functionally equals the

listings requires an assessment of the child's functional abilities in six broad areas,

called "domains."  The six domains, which are designed "to capture all of a what a

child can or cannot do," are: (1) acquiring and using information; (2) attending and

completing tasks; (3) interacting with and relating to others; (4) moving about and

manipulating objects; (5) caring for one's self; and (6) health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi).  A child's impairment is deemed to functionally

equal a listed impairment if the child's condition results in a "marked limitation" in

two domains, or an "extreme limitation" in one domain.  20 C.F.R. § 416.926a(a).  An

impairment is a "marked limitation" if it "interferes seriously with [a person's] ability

to    independently    initiate,    sustain,    or    complete    activities."    20    C.F.R.    §

416.926a(e)(2)(i) (alteration supplied).  An "extreme limitation" is defined as one that

"interferes very seriously with [a person's] ability to independently initiate, sustain,

or complete activities."  20 C.F.R. § 416.926a(e)(3)(i).  If a claimant does not satisfy

the foregoing criteria, his disability is considered to have ceased.

### III.  PROCEDURAL BACKGROUND

According   to   the   ALJ's   decision,   claimant   was   determined   by   the

Commissioner to be disabled because of asthma beginning on November 4, 2009.[1]

Thereafter, the Commissioner conducted the required review of claimant's continued

eligibility for disability benefits, and, on November 5, 2014, determined that his

medical condition had improved to the extent that benefits would cease.[2]  However,

on June 30, 2015, the determination was revised on reconsideration, and benefits were

continued.[3]

The next review of eligibility was conducted on June 1, 2018, and the

Commissioner determined that claimant was no longer disabled.[4]  That determination

was affirmed on reconsideration following a hearing by a State agency Disability

Hearing Officer.[5]

Claimant requested a hearing before an ALJ, which was conducted on August

27, 2019.[6]  The ALJ issued an unfavorable decision to claimant on October 23, 2019.[7]

Claimant requested review by the Appeals Council, and on August 31, 2020, the

Appeals Council vacated the ALJ's decision and remanded the case for further

---

[1] Tr. 17.  The initial determination is not contained in the record.

[2] Tr. 156-57.

[3] Tr. 160.

[4] Tr. 173.

[5] Tr. 175.

[6] Tr. 179.

[7] Tr. 179-91.

proceedings.[8]  A second hearing was held before the same ALJ on November 1, 2022.[9]

The ALJ issued an unfavorable decision to claimant on May 3, 2023.[10]   In that

decision, the ALJ found that, in addition to asthma, claimant had the severe

impairments of attention deficit hyperactivity disorder and bronchitis, but that the

combination of impairments did not meet, medically equal, or functionally equal any

of the listings.[11]

Claimant requested Appeals Council review and, on August 1, 2023, the

Appeals Council vacated the decision and remanded the claim to a different ALJ for

further proceedings.[12]   Specifically, the Appeals Council observed that:

> The record was not adequately developed in assessing the severity
> or limiting effects of the claimant's impairments.   The regulations
> generally require that the agency develop a claimant's complete medical
> history for at least the 12 months before the claimant filed the
> application.   The evidentiary record must be complete and detailed
> enough to determine the nature and severity of the claimant's
> impairments for any period in question (20 CFR 416.912).   During the
> hearing, the Administrative Law Judge (ALJ) indicated that she would
> obtain school records from Jones Valley Middle School and Winona
> High School because the last school records they had were from 2018.
> There is no indication that updated school records were obtained.
> Additional evidence concerning the claimant's medically determinable

---

[8] Tr. 198-205.  The Appeals Council remanded the claim because the ALJ incorrectly identified the January 8, 2010 determination, rather than the June 30, 2015 determination, as the "comparison point decision."  Tr. 199.

[9] Tr. 209.

[10] Tr. 209-24.

[11] Tr. 220-23.

[12] Tr. 234-42.

impairments should be obtained in order to complete the administrative record.

Tr. 236.  In addition to obtaining those school records, the Appeals Council directed the Administrative Law Judge, upon remand, to do the following things:

> *Obtain additional evidence* concerning the claimant's asthma, *attention deficit hyperactivity disorder (ADHD), and bronchitis* in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence (20 CFR 416.912).  The additional evidence may include, if warranted and available, a consultative examination and medical source opinions about what the claimant can still do despite the impairment.

Tr. 236 (emphasis supplied).

On March 21, 2024, the newly assigned ALJ conducted a hearing and, on June 28, 2024, issued another unfavorable decision to claimant.[13]  The Appeals Council summarily denied review on October 23, 2024.[14]  This lawsuit followed.

## IV.  DISCUSSION

Upon remand, the ALJ considered the evidence of record, including updated school records and additional medical records from Children's of Alabama relating to claimant's asthma.  After performing the above-described sequential evaluation of the evidence, she concluded that: medical improvement occurred as of June 1, 2018; claimant did not have an impairment at the comparison point decision that was not

---

[13] Tr. 17-34.

[14] Tr. 1-3.

considered at that time; and claimant had not subsequently developed any additional severe impairments. She further concluded that claimant did not have an impairment that met, medically equaled, or functionally equaled a listed impairment, and that, therefore, his disability ended as of June 1, 2018.

Even so, the ALJ did not follow the mandate of the Appeals Council *to obtain additional evidence concerning claimant's attention deficit hyperactivity disorder (ADHD) and bronchitis* — impairments that the prior ALJ had found to be "severe." *Indeed, the ALJ did not discuss those impairments at all*. The Commissioner's own regulations require an ALJ to "*take any action that is ordered by the Appeals Council*." 20 C.F.R. § 404.977(b) (emphasis supplied). Accordingly, the ALJ's failure to comply with the specific directive of the Appeals Council to develop the record with respect to claimant's asthma, attention deficit hyperactivity disorder, and bronchitis, and failure to even discuss the latter two impairments at all, does not comport with applicable procedural law. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1375-76 (N.D. Ga. 2006) (ALJ's failure to consider or discuss "sit/stand" option as directed by the Appeals Council was error). This is true even where, as in the present case, the failure is allowed to stand by the Appeals Council.[15] *See, e.g., Kaddo v. Commissioner of Social Security*, 238 F. Supp. 3d 939, 944 (E.D. Mich. 2017). The

---

[15] As stated previously, the Appeals Council summarily denied claimant's request for review. Tr. 1-3.

Eleventh Circuit has long held that "courts must overturn agency actions which do not scrupulously follow the regulations and procedures promulgated by the agency itself." *Simmons v. Block*, 782 F.2d 1545, 1550 (11th Cir. 1986).

## V. CONCLUSION

In accordance with the foregoing, the decision of the Commissioner is REVERSED, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk is directed to close this file.

**DONE** and **ORDERED** this 11th day of September, 2025.

_____

Senior United States District Judge

9